UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CR-164 |
| | ) | (Phillips/Guyton) |
| | ) | |
| COBIE FUGATE CURRY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the district court as may be appropriate. The following motions are pending and subject to disposition by this Court:

(1) Motion For Bill Of Particulars [Doc. 13];

(2) Motion to Compel Disclosure of the Existence and Substance of Promises of Immunity, Leniency or Preferred Treatment [Doc. 14];

(3) Motion For Leave to File Further Motions [Doc. 15];

(4) Motion For Disclosure of Grand Jury Transcripts [Doc. 16];

(5) Motion for Disclosure of Material Witnesses [Doc. 17]; and

(6) Motion for Notice and Disclosure of Any Rule 404(b) Evidence
the United States Seeks to Introduce at Trial [Doc. 18];

(7) Motion for Disclosure of Impeaching Information [Doc. 19];

1

(8) Motion for Early Production of Jencks / Rule 26.2 Statements [Doc. 20];

(9) Motion in Limine [Doc. 21].

With the exception of defendant's Motion in Limine [Doc. 21], all pending pretrial motions are addressed herein, a hearing being unnecessary to their disposition.

### 1. MOTION FOR BILL OF PARTICULARS

Defendant Curry moves [Doc. 13] the Court to direct the government to file a Bill of Particulars and to specify therein:

> (a) The exact date or dates of the alleged offense;
> (b) the exact time of the alleged offense;
> (c) the exact place where the offenses are alleged to have occurred;
> (d) the name of any person who witnessed the alleged offense.

Defendant contends that the indictment is unduly vague as to dates, times and places, and sets forth insufficient facts to permit him to properly prepare his defense. Defendant Curry is the sole defendant in a two-count indictment [Doc. 2]:

> **Count One**: ...on or about November 29, 2006, in the eastern District of Tennessee, Defendant Coby Fugate Curry, did knowingly, intentionally and without authority possess with intent to distribute five (5) grams or more of a mixture and substance containing detectable amount cocaine base [sic], also known as "crack," a Schedule II controlled substance.
>
> **Count Two**: ... on or about November 29, 2006, in the Eastern District of Tennessee, Defendant Cobie Fugate Curry, did knowingly use and carry a firearm during and in relation to a drug trafficking crime ....

"A bill of particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second

2

prosecution for the same crimes. It is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir. 1993). The granting of a bill of particulars is within the court's discretion. See Id. (holding that the appellate court reviews the denial of a bill of particulars for an abuse of discretion). The level of detail in the indictment can be a basis for denying the motion for a bill of particulars. Id. Additionally, "a defendant is not entitled to a bill of particulars with respect to information which is available through other sources." United States v. Paulino, 935 F.2d 739, 750 (6th Cir. 1991), *superseded on other grounds by statute*, United States v. Caseslorente, 220 F.3d 727 (6th Cir. 2000) (on sentencing issue).

The Court has reviewed the indictment and finds that it is sufficiently specific and fully informs defendant of that of which he is accused. Accordingly, the Court does not find further particularization necessary, and Defendant's Motion for Bill of Particulars [Doc. 13] is **DENIED.**

### 2. MOTION TO COMPEL

Although no authority is provided for the requests made in Defendant's Motion to Compel Disclosure of the Existence and Substance of Promises of Immunity, Leniency or Preferred Treatment [Doc. 14], it is presumed by the Court that defendant seeks impeachment evidence generally referred to as Giglio material. Giglio v. United States, 405 U.S. 150 (1972); see also United States v. Bagley, 473 U.S. 667, 676 (1985). The substance of this motion has been addressed by this Court's Order on Discovery and Scheduling [Doc. 8] at paragraph E. Defendant's Motion to Compel Disclosure of the Existence and Substance of Promises of Immunity, Leniency or Preferred Treatment [Doc. 14], is **DENIED** as moot, have been previously addressed.

### 3. MOTION FOR LEAVE TO FILE FURTHER MOTIONS

Defendant Curry moves the Court for leave to file further motions [Doc. 15] citing his requests for additional disclosure and a Bill of Particulars. No specific motion is proposed to be late-filed, rather a general extension of the deadline for motions is sought. Should a particularized need for further motions arise, counsel may file a request as it relates to a specific motion to be filed. Defendant's Motion for Leave to File Further Motions [Doc. 15] is **DENIED**.

### 4. MOTION FOR DISCLOSURE OF GRAND JURY TRANSCRIPTS

Defendant asks [Doc. 16] the Court to order the government to turn over the transcripts of testimony given by any person before the grand jury in this case. The defendant contends that transcripts of individuals who testified before the Grand Jury are discoverable pursuant to Federal Rule of Criminal Procedure 16(a)(1)(B) in that transcripts are "documents" under the rule. The defendant also contends that grand jury testimony should be disclosed when the government demonstrates no need for secrecy and when testimony is necessary to adequately prepare a defense.

Normally, grand jury proceedings are to remain secret. See Fed. R. Crim. P. 6(e). "Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 222 (1979). By statute, a defendant may challenge compliance with grand jury procedures if the party files a motion containing "a sworn statement of facts which, if true, would constitute a substantial failure to comply with the provisions of" the statute. 28 U.S.C. § 1867(d). The present motion does not suggest any irregularities with respect to the grand jury, much less make the requisite statutory showing. Moreover, the Court finds that the defendant is not entitled to pretrial disclosure under the Jencks

4

Act, 18 U.S.C. § 3500, Thus, Defendant's request [Doc. 16] for grand jury transcripts is **DENIED**.

## 5. MOTION FOR DISCLOSURE OF MATERIAL WITNESSES

Defendant Curry moves the Court to order the government to disclose to the defense names and addresses of all persons known to the government to have been present at the time of the offenses alleged in the indictment, [Doc. 17] citing Rovario v. United States, 353 U.S. 53 (1957).

As a general rule, the government is not required to disclose the names of its witnesses before trial. See United States v. McCullah, 745 F.2d 350, 353 (6th Cir. 1984) (holding that the Sixth Circuit "has firmly established that defense counsel is not entitled to know in advance of trial who will testify for the government"); see also United States v. Perkins, 994 F.2d 1184, 1190 (6th Cir.), cert. denied, 510 U.S. 903 (1993) (citing Fed. R. Crim. P. 16); United States v. Dark, 597 F.2d 1097, 1099 (6th Cir.), cert. denied, 444 U.S. 927 (1979). With regard to the identities of confidential informants, the Supreme Court has recognized what has become known as the informer's privilege:

> What is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law. The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.
>
> Roviaro, 353 U.S. at 59 (citations omitted).

This privilege is limited by the requirement that criminal trials be fundamentally fair. Id. at 60. The informer's privilege must yield when the informant's identity is "relevant and helpful to the defense of an accused" or "essential to a fair determination of a cause." Id. at 60-61. This

determination is subject to a case-by-case balancing of "the public interest in protecting the flow of information against the individual's right to prepare his defense." Id. at 62. In performing this balancing, the Court should consider, among other factors, the charges, the potential defenses, and the significance of the informer's testimony. Id. The Sixth Circuit has held that danger to the life of the informant is entitled to significant weight in the balance. United States v. Jackson, 990 F.2d 251, 255 (6th Cir. 1993).

To compel the disclosure of the identity of confidential informants, a defendant must do more than speculate that knowing that identity would be helpful to his or her defense. See United States v. Trejo-Zambrano, 582 F.2d 460, 466 (9th Cir.), cert. denied, 439 U.S. 1005 (1978); see also United States v. Moore, 954 F.2d 379, 381 (6th Cir. 1992) (holding that "[m]ere invocation of [one's due process rights] does not automatically outweigh the public interest in protecting confidential informants").

To the extent the defendant contends that there are informants or operatives who are likely to influence the outcome of the case or are essential to the his preparation for trial, the Court finds that he has failed to make a specific showing to that effect. Accordingly, the Defendant's motion [Docs. 17] is **DENIED**.

### 6. MOTION FOR NOTICE AND DISCLOSURE OF ANY RULE 404(B) EVIDENCE THE UNITED STATES SEEKS TO INTRODUCE AT TRIAL

Rule 404(b) provides that upon the defendant's request, the government "shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice for good cause shown, of the general nature of any such evidence it intends to introduce at trial." Fed. R. Evid. 404(b). This Court's Order on Discovery and Scheduling [Doc. 8] at paragraph I states that "reasonable notice" under Rule 404(b) is deemed to be seven calendar days before trial unless the

Court notes otherwise. Accordingly, defendant's Motion for Notice and Disclosure of Any Rule 404(b) Evidence the United States Seeks to Introduce at Trial [Doc. 18] is **DENIED.**

## 7. MOTION FOR DISCLOSURE OF IMPEACHING INFORMATION

Defendant Curry makes a general request for information that may be used for the impeachment of government witnesses called to testify at trial. [Doc. 19]. This motion cites no authority and a great portion of it duplicates the requests made in Defendant's Motion to Compel Disclosure of the Existence and Substance of Promises of Immunity, Leniency or Preferred Treatment [Doc. 14]. Most of the information sought beyond that previously addressed in this Order is the subject of this Court's Order on Discovery and Scheduling [Doc. 8]. As to Defendant's request for the criminal records of government witnesses, see Order on Discovery and Scheduling [Doc. 8] at paragraph F. As to material to be used in impeachment of government witnesses, see Order on Discovery and Scheduling [Doc. 8] at paragraph E. Defendant's request for personnel files or the existence and identity of any government file concerning witnesses or in which witnesses are mentioned is a broad stroke request for information. Defendant provides no basis in law for such a request. To the extent that any information contained within this nebulous request is exculpatory or may be fairly said to contain exculpatory material, the Court's Order on Discovery and Scheduling [Doc. 8] at paragraph E provides:

> The government shall reveal to the defendant and permit inspection and copying of all information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), United States v. Agurs, 427 U.S. 97 (1976) (exculpatory evidence), and United States v. Bagley, 473 U.S. 667 (1985) (impeachment evidence).

7

The Court finds that it has already ordered the government to turn over materials within the scope of Brady. Should the defendant become aware of specific material that may be subject to this provision, he may make a specific Brady request of the government, then bring the matter to the attention of the Court if necessary. Defendant Curry's Motion for Disclosure of Impeaching Information [Doc. 19] is **DENIED**.

### 8. MOTION FOR EARLY DISCLOSURE OF JENCKS ACT MATERIAL

Defendant next moves the Court enter an order requiring the government to submit Jencks Act materials to the defendant at least ten days prior the commencement of trial. [Doc. 20]. Defendant argues that early disclosure is necessary to allow defendant time to review the statements and prepare for the cross-examination of government witnesses.

There is no requirement in either The Jencks Act at 18 U.S.C. § 3500 or Federal Rule of Criminal Procedure 26.2 requiring the government to produce statements by government witnesses until after the witness has testified at trial and defendant cites no additional authority for his request. Nothing in the Jencks Act provides a basis for the Court to order early disclosure. United States v. Algie, 667 F.2d 569 (6th Cir. 1982).

The Jencks Act provides in pertinent part as follows:

> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a government witness or prospective government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

18 U.S.C. § 3500; see also Fed. R. Crim. P. 26.2.

As described by the Sixth Circuit, "the Jenks Act generally requires the government,

on motion of a defendant, to produce statements in its possession of witnesses who testify at a trial. The defendant is only entitled to the statement *after* the witness has testified. " United States v. Short, 671 F.2d 178, 185 (6th Cir. 1982) (emphasis added). Thus, in the present case, Defendant Curry is not entitled to inspect the statements of the government's witnesses unless and until they testify at trial. Accordingly, defendant's Motion For Early Disclosure of Jencks Act Material [Doc. 20] is **DENIED**.

>Accordingly, it is **ORDERED**:
>
>(1) Motion For Bill Of Particulars [**Doc. 13**] is **DENIED**.
>
>(2) Motion to Compel Disclosure of the Existence and Substance of Promises of Immunity, Leniency or Preferred Treatment [**Doc. 14**] is **DENIED**.
>
>(3) Motion For Leave to File Further Motions [**Doc. 15**] is **DENIED**.
>
>(4) Motion For Disclosure of Grand Jury Transcripts [**Doc. 16**] is **DENIED**.
>
>(5) Motion for Disclosure of Material Witnesses [**Doc. 17**] is **DENIED**.
>
>(6) Motion for Notice and Disclosure of Any Rule 404(b) Evidence the United States Seeks to Introduce at Trial [Doc. 18] is **DENIED**.
>
>(7) Motion for Disclosure of Impeaching Information [**Doc. 19**] is **DENIED**.
>
>(8) Motion for Early Production of Jencks / Rule 26.2 Statements [**Doc. 20**] is **DENIED**.

(9) A hearing on the merits of the Motion in Limine [**Doc. 21**] shall be conducted in conjunction with the previously scheduled pretrial conference, before this Court at **11:00 a.m.** on **February 5, 2007**.

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge