UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CR-164 |
| | ) | (Phillips / Guyton) |
| | ) | |
| COBIE FUGATE CURRY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the district court as may be appropriate. This matter came before the Court on February 5, 2007, for a pretrial conference and for the purpose of addressing defendant Curry's Motion in Limine [Doc. 21]. The government was represented by Assistant United States Attorney Tracy Stone. Defendant Curry was present with counsel, Jonathan Wood.

The Motion in Limine presents defendant Curry's timely objection to the government's introduction of certain evidence or information. Defendant Curry lists eight prospective pieces of evidence or information to which he objects (A - H). At the hearing, the government agreed that the information described in paragraphs (E) and (F) is not relevant to the issues presented by the trial of this case, except as evidence otherwise admissible under Federal Rule of Evidence 404(B). The government reiterated its intention to provide any Rule 404(B) material

1

to the defense no later than seven days prior to trial. Accordingly, the relief sought in defendant Curry's Motion in Limine [Doc. 21] at paragraph (E) and paragraph (F) is GRANTED. The government shall make no reference nor bring before the jury evidence that this defendant has similar and additional pending charges in any other court either arising out of this arrest or generally, except as may be determined by the district court to be admissible under Federal Rule of Evidence 404(B).

Upon review of the motion and after argument of the parties, the Court concludes that all other issues raised in this motion are more appropriately addressed to the district court presiding over the trial of this case. The issues raised at paragraphs (A), (B), (C), (D), (G) and (H) are reserved to the district court for disposition.

All other pending pretrial motions were previously addressed in this Court's Memorandum and Order, filed February 1, 2007. At the pretrial conference, the parties confirmed that no other pretrial matters needed to be brought to the Court's attention. This matter remains scheduled for trial before a United States District Judge and a twelve person jury at 9:00 a.m. on February 20, 2007.

**IT IS SO ORDERED.**

**ENTER:**

    s/ H. Bruce Guyton
United States Magistrate Judge